IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00031-WCM

| | |
|---|---|
| MICHAEL PAYNE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )     ORDER<br>) |
| COMMISSIONER OF SOCIAL SECURITY, | )<br>)<br>) |
| Defendant. | )<br>) |

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under § 406(b) of the Social Security Act (the "Motion," Doc. 18).

I. **Procedural Background**

On March 18, 2022, Michael Payne ("Plaintiff") initiated this action seeking judicial review of the Commissioner's decision to deny his application for disability insurance benefits. Doc. 1.

On August 3, 2022, Plaintiff filed a Motion for Summary Judgment. Docs. 11, 12.

The Commissioner filed a Consent Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) on October 3, 2022 (the "Motion to Remand," Doc. 13).

On October 4, 2022, the undersigned granted the Motion to Remand, denied Plaintiff's Motion for Summary Judgment as moot, and remanded this matter for further administrative proceedings. Doc. 14.

On January 10, 2023, Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412, was granted, and Plaintiff was awarded attorney's fees in the amount of $4,300.00. Doc. 17.

The Commissioner subsequently issued a Notice of Award, reflecting a total back payment award to Plaintiff of $77,108.20. Doc. 18-1.

On May 20, 2024, Plaintiff filed the instant Motion seeking an award of $16,500.00 in attorneys' fees under 42 U.S.C. § 406(b). Doc. 18.

The Commissioner has filed a response stating that he "neither supports nor opposes counsel's request…." Doc. 19.

## II. Discussion

There are two ways attorney's fees may be awarded to a Social Security benefits claimant.

First, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d)(1)(A).

Second, 42 U.S.C. § 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that:

> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee."

Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

See also Astrue v. Ratliff, 560 U.S. 586, 598 (2010) ("The 1985 amendments address the fact that Social Security claimants may be eligible to receive fees awards under both the SSA and EAJA, and clarify the procedure that attorneys and their clients must follow to prevent the windfall of an unauthorized double recovery of fees for the same work. Section 206(b) provides that no violation of law occurs 'if, where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b) and 28 U.S.C. § 2412(d)], the claimant's attorney refunds to the claimant the amount of the smaller fee'"); Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 135 (4th Cir. 2009)

("[T]he claimant's attorney refunds to the claimant the amount of the smaller fee").

The Fourth Circuit has explained that 42 U.S.C. § 406(b) was designed "'to control, not to displace, fee agreements between Social Security benefits claimants and their counsel.' As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, …§406(b) simply instructs a court to review the agreement for reasonableness." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (quoting Gisbrecht, 535 U.S. at 807). In that regard, a reduction of a contingent fee may be appropriate when "(1) the fee is out of line with 'the character of the representation and the results … achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" Id. (quoting Gisbrecht, 535 U.S. at 808).

Here, Plaintiff and his attorney entered a Fee Agreement pursuant to which any attorney's fee award would not exceed 25% of the past due benefits, Doc. 18-3 at 1, and Plaintiff's counsel seeks to recover $16,500.00 in fees pursuant to the Fee Agreement and 42 U.S.C. § 406(b).

Having considered the factors set forth in Mudd, the undersigned will allow the Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 18) is **GRANTED**, and Plaintiff is awarded attorney's fees in the amount of Sixteen Thousand and Five Hundred Dollars and Zero Cents ($16,500.00).

**IT IS FURTHER ORDERED** that upon receipt of the § 406(b) fees approved herein, Plaintiff's counsel shall pay to Plaintiff the sum of $4,300.00, representing a refund of the fee that counsel previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Signed: June 4, 2024

W. Carleton Metcalf
United States Magistrate Judge